UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR MASTROPIETRO,

                        Petitioner,

        - *against* -

M. BRADT,

                        Respondent.

10 Civ. 6940 (VB)(PED)

**REPORT AND RECOMMENDATION**

TO:    THE HONORABLE VINCENT L. BRICCETTI,
         UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Cesar Mastropietro ("Petitioner"), proceeding *pro se*, seeks federal habeas corpus review of an administrative determination by the New York State Department of Correctional Services ("DOCS") that sentences imposed for Petitioner's 2002 conviction should run consecutive to sentences imposed for Petitioner's 1994 conviction.

This petition comes before me pursuant to an Order of Reference dated September 26, 2011. (Docket No. 13). For the reasons set forth below, I respectfully recommend that the petition be **DISMISSED** as time-barred.

## II. BACKGROUND[1]

A.    **The 1994 Sentence**

---

[1] Unless otherwise indicated, the information within this section is taken from a review of the Petition (hereinafter "Pet."), Docket No. 1; Supporting Memorandum of Law (hereinafter "Pet'r's Mem."); Respondent's Memorandum of Law in Opposition to the Amended Petition for a Writ of *Habeas Corpus* (hereinafter "Resp't's Mem."), Docket No. 9; and Respondent's Declaration in Opposition to a Petition for a Writ of *Habeas Corpus* (hereinafter "Resp't's Decl."), Docket No. 10.

On April 17, 1992 in the Supreme Court of the State of New York, Westchester County, Petitioner was sentenced following a non-jury trial as a second felony offender[2] for the crimes of burglary in the second degree and criminal mischief in the second degree. N.Y. Penal Law §§ 140.25[3], 145.10.[4] Petitioner was sentenced to concurrent terms of five to ten years for the burglary conviction and two to four years for the criminal mischief conviction. (Ex. A).[5] The Supreme Court of the State of New York, Appellate Division, however, vacated the sentence imposed on the second degree burglary conviction, sustaining the People's appeal from the trial court's determination that a statutory minimum of eight years imprisonment was

---

[2] Petitioner was convicted of attempted burglary in the second degree in November of 1985.

[3] "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when:
   1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
      (a) Is armed with explosives or a deadly weapon; or
      (b) Causes physical injury to any person who is not a participant in the crime; or
      (c) Uses or threatens the immediate use of a dangerous instrument; or
      (d) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or
   2. The building is a dwelling.
Burglary in the second degree is a class C felony."

N.Y. Penal Law § 140.25.

[4] "A person is guilty of criminal mischief in the second degree when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, he damages property of another person in an amount exceeding one thousand five hundred dollars.
Criminal mischief in the second degree is a class D felony."
N.Y. Penal. Law § 145.10.

[5] Unless otherwise indicated, all exhibits cited within this Report and Recommendation are attached to Resp't's Decl., Docket No. 10.

2

unconstitutional as applied to Petitioner. People v. Mastropietro, 604 N.Y.S.2d 149 (App. Div. 1993). The case was remanded for re-sentencing, and on January 21, 1994, Petitioner was re-sentenced as a persistent violent felony offender to a term of eight years to life. (The "1994 Sentence") (Ex. B). On August 9, 2001, Petitioner was released on parole.

**B.     The 2002 Sentence**

While on parole, Petitioner was re-arrested and indicted on five counts of attempted[6] burglary in the second degree, in violation of N.Y. Penal Law § 140.25.[7]

On August 27, 2002, Petitioner pled guilty to five counts of attempted burglary in the second degree. He was sentenced on November 19, 2002 as a persistent violent felony offender to five concurrent terms of fourteen years to life imprisonment (The "2002 Sentence").[8] The court did not specify whether the 2002 Sentence was to run concurrently or consecutively with the 1994 Sentence. (Ex. D).

DOCS initially determined that Petitioner's 2002 Sentence should run concurrent with his 1994 Sentence, and that Petitioner would be eligible for parole in 2004. (Ex. F). Petitioner was denied parole in 2004 and once again in 2006 after parole hearings. (Exs. G, H). Sometime

---

[6] "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y. Penal Law § 110.00.

[7] See supra note 3.

[8] "A persistent violent felony offender is a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 . . . after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04 of this article." N.Y. Penal Law § 70.08(1)(a), amended by 2006 N.Y. Sess. Law ch. 107, §§ 6-8 (2006). Petitioner's status as a persistent violent felony offender is based on his previous convictions of attempted burglary in the second degree in 1985 and burglary in the second degree in 1994.

3

later, DOCS determined that Petitioner's 2002 Sentence should run consecutive to his prior undischarged term. Petitioner was informed of this recalculation on November 16, 2007. (Ex. I). As a result of this change, Petitioner's next date for parole eligibility was November 18, 2016 because the minimum term of imprisonment with respect to his 2002 conviction was fourteen years. (Ex. J).

C.     **Petitioner's State Petition for a Writ of *Habeas Corpus***

On April 23, 2008, Petitioner's counsel filed a state *habeas corpus* petition pursuant to Article 70 of the New York Civil Practice and Law Rules ("CPLR") in the Supreme Court of the State of New York, Cayuga County.[9] The petition challenged DOCS's recalculation of Petitioner's 2002 Sentence. Petitioner argued that DOCS lacked jurisdiction to make this change. (Ex. K). The petition was converted by the court into a CPLR Article 78 petition, and was denied on November 12, 2008.[10] (Ex. M).

D.     **Federal *Habeas Corpus* Proceedings**

---

[9] "Except as otherwise prescribed by statute, the provisions of this article are applicable to common or statutory writs of habeas corpus and common law writs of certiorari to inquire into detention. A proceeding under this article is a special proceeding." N.Y. C.P.L.R. § 7001.

[10] "Wherever in any statute reference is made to a writ or order of certiorari, mandamus or prohibition, such reference shall, so far as applicable, be deemed to refer to the proceeding authorized by this article." N.Y. C.P.L.R. § 7801. The petition was converted pursuant to § 103, which states:

> "If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution. If the court finds it appropriate in the interests of justice, it may convert a motion into a special proceeding, or vice-versa, upon such terms as may be just, including the payment of fees and costs."

N.Y. C.P.L.R. § 103(c), amended by 2002 N.Y. Sess. Law ch. 593, § 1 (2002).

On July 26, 2010, Petitioner, proceeding *pro se*, filed a writ of *habeas corpus* and a supporting memorandum of law in the United States District Court for the Southern District of New York. (Docket No. 1). Petitioner's sole claim is that DOCS unlawfully re-sentenced Petitioner to a consecutive term of imprisonment. Respondent filed a Declaration in Opposition to the Petition for a Writ of *Habeas Corpus* and Memorandum of Law on May 2, 2011 (Docket Nos. 10, 9). Respondent argues, among other things, that the petition should be denied as time-barred by the relevant statute of limitations. Petitioner did not submit a reply.

### III. DISCUSSION

**A.     Applicable Law**

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Before a federal district court may review the merits of a state criminal judgment in a *habeas corpus* action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996).

Under AEDPA, a federal *habeas corpus* petition is subject to a strict, one-year statute of limitations. See 28 U.S.C. § 2244(d). The statute provides four different potential starting points for the limitations period, and specifies that the latest of these shall apply. See id. § 2244(d)(1). Under the statute, the limitation period is tolled only during the pendency of a properly filed application for State post-conviction relief, or other collateral review, with respect to the judgment to be challenged by the petition. See id. § 2244(d)(2). The statute reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d).

The one-year limitation period is subject to equitable tolling, which is warranted when a petitioner has shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2262 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In the Second Circuit, equitable tolling is confined to "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (internal quotation omitted), which have "prevented [the petitioner] from filing his petition on time," Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (internal quotation marks and emphasis omitted). The applicant for equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing – a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

B.   **The Petition is Time-Barred**

1.   *Starting Point*

The one year statute of limitations runs from the latest of the four dates set forth in 28 U.S.C. § 2244(d)(1). In this case, AEDPA's statute of limitations began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" because this is the latest of the four potential starting points. Petitioner's sole claim in his *habeas* petition is that DOCS lacked jurisdiction to change his concurrent terms of imprisonment to a consecutive term. (See Pet., at 6). Petitioner was notified of this change by DOCS on November 16, 2007.[11] (Ex. I). Accordingly, the one year statute of limitations began to run on November 16, 2007.[12] Petitioner therefore had until November 16, 2008 to file his *habeas* petition.

2.   *Statutory Tolling*

---

[11] Petitioner attached the November 16, 2007 notification to his petition. In the text of his petition, however, Petitioner maintains that DOCS notified him of the change in 2008. (Pet., at 6). The precise date of discovery is not material.

[12] Petitioner's judgment of conviction became final on November 27, 2002 and he did not file his federal writ of *habeas corpus* until the year 2010. Therefore, Petitioner cannot rely on § 2244(d)(1)(A), as the statute of limitations would have expired on December 27, 2003. The other starting points enumerated in § 2244(d)(1)(B) and § 2244(d)(1)(C) are also not applicable. Petitioner does not argue that there was any impediment to filing his petition or that there was any newly recognized right by the Supreme Court made retroactively applicable to this case.

Petitioner filed a state petition for a writ of *habeas corpus* on April 23, 2008 (Ex. K) tolling the AEDPA limitations period pursuant to § 2244(d)(2).[13] 159 days had elapsed at this point.[14]

The state *habeas* petition was denied on November 12, 2008. However, the statute of limitations continued to toll after the petition was denied, because "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999). "Accordingly, the word 'pending' in § 2244(d)(2) 'cover[s] the time between a lower state court's decision and the filing of a notice of appeal to a higher state court[.]'" Smalls v. Smith, No. 05-CV-5182(CS), 2009 WL 2902516, at *7 (S.D.N.Y. Sept. 10, 2008) (quoting Carey v. Saffold, 536 U.S. 214, 217 (2002)); see also Buniek v. Wendland, No. 11 CV 2843(VB), 2012 WL 1871557 (S.D.N.Y. Apr. 4, 2012). Although Petitioner did not appeal the denial of his state petition, under New York law, Petitioner had 30 days to do so. N.Y. C.P.L.R. § 5513(a); People v. Nettles, 30 N.Y.2d 841, 844 (1972). His petition was therefore "pending" until further appellate review was no longer available under New York law. In this case, the petition was denied on November 12, 2008. An additional 30 days brings the date to December

---

[13] "[C]ourts in this circuit have split regarding whether a state habeas petition tolls the AEDPA statute of limitations." Garcia v. LaClair, No. 06-cv-10196, 2011 WL 1097414, at *7 (S.D.N.Y. Jan. 3, 2011), Report & Recommendation adopted, 2011 WL 1046058 (S.D.N.Y. Mar. 22, 2011). Here, Respondent does not argue that the state *habeas* petition should *not* toll the statute of limitations.

Copies of unreported cases cited herein will be mailed to Petitioner. See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

[14] I note that 2008 was a leap year.

12, 2008. Accordingly, on the next day, December 13, 2008, the statute of limitations started to run again.

### 3.   *Filing of the Federal Habeas Petition*

Petitioner signed his petition for a federal writ of *habeas corpus* on July 26, 2010.[15] From December 13, 2008, the date that AEDPA's statute of limitations resumed running, until July 26, 2010, 591 days passed. Added to the 159 days that the statute ran before Petitioner filed his state petition for a writ of *habeas corpus,* a total of 750 days elapsed. This clearly exceeds the one-year statute of limitations pursuant to the AEDPA.

### 4.   *Equitable Tolling*

The one-year limitation period is subject to equitable tolling. Equitable tolling may be applied when a petitioner has shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In the Second Circuit, equitable tolling is confined to "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (internal quotation omitted), which have "prevented [the petitioner] from filing his petition on time."

---

[15] It is well-established that the "prisoner mailbox rule" applies in this Circuit. Under this rule, an application by a *pro se* prisoner is considered to be "filed" for purposes of statutory limitations periods on the day the prisoner hands it to prison officials for mailing to the clerk of the court. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (citing Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (per curiam)); see also Houston v. Lack, 487 U.S. 266, 276 (1988); Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005) (federal prisoner mailbox rule applies when federal court must determine, under AEDPA, the date that a state petition was "properly filed"). Where that date is unavailable, the court may consider the document "filed" on the date that it was signed by the prisoner, and it may presume, in the absence of contrary evidence, that the "papers were given to prison officials on the date of their signing." Hardy v. Conway, 162 F. App'x 61, 62 (2d Cir. 2006).

9

Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (internal quotation marks and emphasis omitted).

Petitioner here has not identified any exceptional circumstances which would warrant equitable tolling.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, I respectfully recommend that this Court **DISMISS** Petitioner's application for federal *habeas* relief as time-barred . Further, because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, I recommend that no certificate of appealability be issued. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Vincent L. Briccetti, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601 and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.

Dated: July 9, 2012
      White Plains, New York

                                      Respectfully Submitted

                                      Paul E. Davison
                                      United States Magistrate Judge

A copy of the foregoing Report and Recommendation has been sent to the following:

    The Honorable Vincent L. Briccetti
    The Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse
    300 Quarropas Street
    White Plains, New York 10601

    Cesar Mastropietro, *pro se*
    92-A-4743
    Elmira Correctional Facility
    P.O. Box 500
    1879 Davis St.
    Elmira, New York 14901-0500

    Paul M. Tarr
    Office of the Attorney General, New York State
    120 Broadway
    New York, New York 10271