UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CESAR MASTROPIETRO,            :
         Petitioner,            :
                                       :   **MEMORANDUM DECISION**
v.                              :
                                       :   10 CV 6940 (VB)
                                :
M. BRADT,                       :
         Respondent.           :
--------------------------------------------------------------x

       Now pending before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated July 9, 2012 (Doc. #14), on petitioner pro se Cesar Mastropietro's petition for a writ of habeas corpus. Magistrate Judge Davison recommended that the Court dismiss the petition. For the following reasons, the Court adopts the R&R as the opinion of the Court. The petition is DISMISSED as time-barred.

       A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163,

169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., 2008 U.S. Dist. LEXIS 55034, at *1 (S.D.N.Y. July 21, 2008).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it." Cousin v. Bennett, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Petitioner has not filed any objections to the R&R, and, for the reasons set forth below, the Court finds no clear error in the R&R.

Respondent seeks dismissal of the petition on the grounds it was untimely filed. Under AEDPA, a petition for a writ of habeas corpus must be filed within one year of the latest of four triggering events. See 28 U.S.C. § 2244(d). In this case, AEDPA's statute of limitations began

---

[1]  Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" because this is the latest of the four potential starting points.  Petitioner's sole claim in his petition is that the New York State Department of Correctional Services ("DOCS") lacked jurisdiction to change his concurrent terms of imprisonment to a consecutive term.  Petitioner was notified of this change by DOCS on November 16, 2007.  Accordingly, the one-year statute of limitations began to run on November 16, 2007.  Petitioner, therefore, had until November 16, 2008, to file his habeas petition, absent any tolling.

The limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  See 28 U.S.C. § 2244(d).  In the R&R, Judge Davison found the limitations period was tolled when petitioner filed a state petition for writ of habeas corpus on April 23, 2008.  (Ex. K).  At this point, 159 days had elapsed.

The state habeas petition was denied on November 12, 2008.  The AEDPA statute of limitations continued to toll after the petition was denied because "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures."  Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999).  "Accordingly, the word 'pending' in § 2244(d)(2) 'cover[s] the time between a lower state court's decision and the filing of a notice of appeal to a higher state court[.]'"  Smalls v. Smith, 2009 WL 2902516, at *7 (S.D.N.Y. Sept. 10, 2008) (quoting Carey v. Saffold, 536 U.S. 214, 217 (2002)); see also Buniek v. Wenland, 2012 WL 1871557 (S.D.N.Y. Apr. 4, 2012).  Petitioner had 30 days to appeal the denial of his state petition.  N.Y. C.P.L.R. § 5513(a); People v. Nettles, 30 N.Y.2d 841, 844 (1972).  Although he failed to do so, his petition was "pending"

until appellate review was no longer available under New York law.  The petition was denied on November 12, 2008.  The petition was pending for thirty days, until December 12, 2008.  Therefore, on the next day, December 13, 2008, the statute of limitations began to run again.

Petitioner signed the petition for a federal writ of habeas corpus on July 26, 2010.  From December 14, 2008, until July 26, 2010, 591 days elapsed.  When added to the 159 days that had previously elapsed, a total of 750 days had elapsed.  As Judge Davison correctly found, this period of time clearly exceeds the one-year AEDPA statute of limitations.

The one-year statute of limitations period is also subject to equitable tolling, which may be applied when a petitioner has shown '"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 554 U.S. 408, 418 (2005)).  Judge Davison found that petitioner had not identified any extraordinary circumstances that would warrant equitable tolling.  Having reviewed the petition and all other papers submitted in this case, the Court concludes that this finding was not clearly erroneous.

## CONCLUSION

Judge Davison's R&R is hereby adopted in its entirety. The petition is DISMISSED as time-barred. The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

Dated: October 8, 2012
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge